JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
ERIN C. BLACKADAR, IDAHO STATE BAR NO. 8996
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSIE ROMEO RIVERA,<br><br>Defendant. | Case No. 1:21-cr-00274-002-DCN<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

    The Defendant is 59 years old and has 27 criminal convictions, spanning four decades. Despite numerous, prior judicial interventions, he finds himself before the court for distributing methamphetamine. The Government recommends that the Court sentence the Defendant to a low-end guideline sentence of 130 months, to run concurrently to the state sentences he is serving in CR-FE-2015-17755 and CR14-21-16946.

    The Government wishes to preserve its objection to the Court's determination of the applicability of the Safety Valve in this case in light of the continuing uncertainty regarding whether *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) will remain controlling law. The Government filed a motion for rehearing en banc on August 5, 2021, which clearly explains the

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

illogic of the decision. *See* Pet'n for Reh'g En Banc in *United States v. Lopez*, 19-50305, ECF No. 49. Moreover, because *Lopez* created a split in the Circuits, Supreme Court review remains a possibility as well. The Government recognizes that, at present, *Lopez* governs the Court's decision regarding the Safety Valve's applicability to this case. (*See* Final PSR, ¶¶ 18, 69.) Nonetheless, in order to preserve appeal, the Government objects to the Court's use of *Lopez*. There is good reason to question whether that decision will remain the law of the Circuit, much less become the law of the nation.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

The Defendant pleaded guilty to an offense which carries a mandatory minimum sentence of at least five years and up to 40 years imprisonment. 21 U.S.C. § 841(a)(1) and (b)(1)(B).

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

Based upon *United States v. Lopez*, 998 F.3d 431, (9th Cir. 2021), the Final PSR concluded that Rivera's criminal history does not bar him from safety-valve eligibility. (Final PSR, ¶¶ 18, 90.) In *Lopez*, the Ninth Circuit held that a defendant is not barred from safety-valve eligibility based upon his prior criminal history under 18 U.S.C. § 3553(f)(1), unless he has (1) more than four criminal history points, (2) a prior three-point offense, *and* (3) a prior violent offense of at least two-points. *Id*. 998 F.3d at 437. The Court concluded that § 3553(f)(1) is unambiguously conjunctive and a defendant must satisfy all three criteria to be barred from safety-valve eligibility. *Id*.

The Government acknowledges that *Lopez* is now binding precedent that this Court must follow. However, the Government believes that *Lopez* was wrongly decided, and the Government wishes to preserve its objection to *Lopez's* application in this case. The Government filed a petition for rehearing en banc in *United States v. Lopez*. The Government believes that § 3553(f)(1)'s requirements, when properly interpreted, are disjunctive and that the Ninth Circuit or the Supreme Court will eventually so hold. Application of the correct interpretation would bar Defendant Rivera from safety-valve eligibility because he has five prior three-point offense. (Final PSR, ¶¶ 34, 42, 50, 53, 55.)

II. **United States Sentencing Guidelines Calculation**

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

A. Offense Level Calculation

The Government agrees with the PSR that the Defendant's offense level is 27, which includes acceptance of responsibility and the additional one-level reduction under U.S.S.G §

3E1.1(b). (Final PSR, ¶ 26.) If the Court follows its usual practice of taking into account the guideline range based upon the mixture and substance of the methamphetamine, the total offense level is 21. (*Id*. at ¶ 114.)

      B.      <u>Criminal History Calculation</u>

The Government agrees with the PSR that the Defendant's criminal history score is 19, resulting in a criminal history category of VI. (*Id*. at ¶ 58.)

      C.      <u>Advisory Guideline Range</u>

An offense level of 27 with a criminal history category of VI results in an advisory guideline range of 130-162 months. (*Id*. at ¶ 91.) If the Court follows its usual practice of granting a variance to take into account the guideline range based upon the mixture and substance of the methamphetamine, that advisory guideline range is 77-96 months. (*Id*. at ¶ 114.)

    1.  <u>The Court should not grant a variance for safety-valve</u>

The drug trafficking guidelines at USSG §2D1.1(b)(18) provides for a two-level decrease if the defendant meets the criteria listed at §5C1.2 including that the defendant does not have more than one criminal history point. USSG §5C1.2(a)(1). That decrease plainly does not apply in this instance because Rivera has 19 criminal history points. (Final PSR, ¶ 58.) The First Step Act expanded the criminal-history criteria under 18 U.S.C. § 3553(f) to allow relief to a defendant who does not have more than four criminal history points, a two-point violent offense, and a three-point offense. 18 U.S.C. § 3553(f)(1). The Sentencing Commission has not yet updated USSG §5C1.2(a)(1) to conform to the First Step Act. Therefore, there is no dispute that Rivera is not entitled to a two-level reduction under §2D1.1(b)(18) in its current form. Pre-*Lopez*, courts in this district maintained a practice to grant a two-level variance, often at the prosecutor's suggestion, to comport with the changes that had not yet been updated in

§5C1.2(a)(1) so long as the defendant did not have more than four criminal history points, did not have a two-point violent offense, and did not have a three-point offense.

Rivera, however, is not a first-time or inexperienced offender that was envisioned by this sentencing reduction. Rather, he is a repeat offender with six prior felony convictions, five of which count as three-point offenses. (Final PSR, ¶¶ 34, 42, 50, 53, 55.) This Court is well within its discretion to not grant such a variance.

## IMPOSITION OF SENTENCE

I. **Imposition of a Sentence under 18 U.S.C. § 3553**

    A. <u>18 U.S.C. § 3553(a) factors</u>

    1. <u>The history and characteristics of the defendant</u>

The Defendant, at 59 years old, has been arrested 40 times, sustained 27 criminal convictions (both misdemeanor and felony), and because of this, has an astounding criminal history score of 19. (Final PSR ¶ 19.) His convictions run the gamut, from driving offenses, theft offenses, controlled substance offenses, to violent offenses. (*Id*. at ¶¶ 29-55.) The Defendant has essentially been in and out of custody, or on some from of court-ordered supervision, since he turned 18 in 1981, through the time of the instant offense. (*Id*.) His criminal history reflects a notable break in convictions from December 1992 until December 2006. Upon inspection, this is due to the 16-year prison sentence he received for vehicular homicide and vehicular assault convictions from 1992. (*Id*. at ¶ 34.) Records indicate that while driving under the influence of alcohol, the defendant struck two other vehicles, killing a 46-year-old woman and severely injury four others, including his three-year-old son. (*Id*.) The Defendant's 16-year prison sentence was cut approximately two years short, and he was discharged from prison on March 27, 2006. Despite the lengthy prison sentence he received for horrific driving and alcohol related crimes, he quickly picked up arrests and convictions for open container of alcohol, assault, possession of

drug paraphernalia, and escape. (*Id*. at ¶¶ 35-39.) He also has four felony convictions for possession of a controlled substance in 2008, 2016, 2021, and 2022, respectively. (*Id*. at .¶¶ 42, 50, 53, 55.)

Despite his age and prior judicial interventions, he does not appear to be deterred in his criminal activities. The Defendant has repeatedly had opportunities to reform his behavior and become a contributing member of society, but he has continually chosen to violate the law – most recently by distributing methamphetamine. Despite multiple opportunities at probation and parole, a state rider, and time in prison, the Defendant has continued to violate the law. It appears that none of these efforts have had the lasting effect needed to deter the Defendant from continued law violations.

> 2. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The crime for which the Defendant is being sentenced is serious considering the effect it has to himself and the safety of the community. A sentence of 130 months would reflect the seriousness of the offense and provide just punishment.

> 3. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A sentence of 130 months would serve to deter the Defendant from similar conduct and necessarily protect the public during the period of his incarceration.

> 4. <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant reports a significant history involving the use of controlled substances. (*Id*. at ¶¶ 85-86.) The Defendant also reports suffering from mental health problems. (*Id*. at ¶¶ 82-84.) It is respectfully recommended that any period of supervised release following his

imprisonment include as a condition a requirement to obtain substance abuse and mental health treatment.

### 5. The need to avoid unwarranted sentence disparities

A sentence within the established guidelines range avoids unwarranted sentence disparities.

## B. Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The Government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission and serves the vital goal of uniformity and fairness in sentencing. The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Nonetheless, "the Guidelines Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

The guidelines deserve significant respect. The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guideline sentence of 130 months.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 130 months for the Defendant's commission of the crime of distribution of methamphetamine. The Government submits that a sentence of 130 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 20th day of September, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Erin C. Blackadar*
ERIN C. BLACKADAR
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2022, the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Craig H. Durham<br>Ferguson Durham, PLLC<br>223 N. 6th St, Ste. 325<br>Boise, ID 83702<br>chd@fergusondurham.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

        */s/ Erin Blackadar*
        Legal Assistant